OPINION
{¶ 1} Defendant, Victor Bieck, appeals from his conviction andsentence for attempted unlawful sexual conduct with a minor,importuning, and his designation as a sexual predator.
 {¶ 2} Between March 3, 2002, and May 18, 2002, Defendant used theinternet to engage in conversations and solicit sex from a person whom hebelieved was a fourteen year old female but in fact was a Xenia policeofficer. Those conversations resulted in Defendant traveling to Xenia toa rendevous point for the purpose of having sexual intercourse with thefourteen year old female. Upon arriving in Xenia, Defendant was arrestedby police.
 {¶ 3} Defendant was indicted on one count of attempted unlawful sexualconduct with a minor, R.C. 2923.02(A) and 2907.04(A), and one count ofimportuning, R.C. 2907.07(E)(2). Defendant subsequently entered pleas ofguilty to both offenses. The trial court sentenced Defendant to adefinite term of eleven months on each offense and ordered the sentencesto be served consecutively, for a total of twenty-two months. The courtalso designated Defendant a sexual predator.
 {¶ 4} Defendant has timely appealed to this court. He challenges onlyhis classification as a sexual predator.
 FIRST ASSIGNMENT OF ERROR {¶ 5} "The trial court erred because there was not clear andconvincing evidence that appellant should be classified as a sexualpredator."
 {¶ 6} In order to adjudicate Defendant a sexual predator, the courtmust find by clear and convincing evidence that Defendant has beenconvicted of or pled guilty to a sexually oriented offense and that "heis likely to engage in the future in one or more sexually orientedoffenses." R.C. 2950.01(E); R.C. 2950.09(B)(3); State v. Eppinger,91 Ohio St.3d 158, 2001-Ohio-247.
 {¶ 7} "Clear and convincing evidence is that measure or degree ofproof which will produce in the mind of the trier of facts a firm beliefor conviction as to the allegations sought to be established. It isintermediate, being more than a mere preponderance, but not to the extentof such certainty as is required beyond a reasonable doubt in criminalcases. It does not mean clear and unequivocal." Cross v. Ledford (1954),161 Ohio St. 469, 477; State v. Ingram (1992), 82 Ohio App.3d 341.
 {¶ 8} Defendant's conviction for importuning constitutes a sexuallyoriented offense. R.C. 2950.01 (D)(1)(a). Thus, the only issue is whetherDefendant is likely to engage in the future in another sexually orientedoffense.
 {¶ 9} In determining the likelihood of recidivism, the trial court ismandated by R.C. 2950.09(B)(2) to consider the factors relating to theoffender which are set out at paragraphs (a) through (j) therein. Whilethe statute deems the factors relevant, they are only potentiallyrelevant. State v. Thompson, 92 Ohio St.3d 584, 2001-Ohio-1288. Some maynot be applicable in a given case, and "the judge has the discretion todetermine what weight, if any, he or she will assign to each guideline."Id., at p. 589. Because the "guidelines do not control a judge'sdiscretion," Id., at p. 587, a factor irrelevant to a particular offenderis entitled to no weight. Further, the court may consider any otherevidence the court deems relevant. Id.
 {¶ 10} The statutory guidelines are:
 {¶ 11} "(a) The offender's age;
 {¶ 12} "(b) The offender's prior criminal record regarding alloffenses, including, but not limited to, all sexual offenses;
 {¶ 13} "(c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed;
 {¶ 14} "(d) Whether the sexually oriented offense for which sentenceis to be imposed involved multiple victims;
 {¶ 15} "(e) Whether the offender used drugs or alcohol to impair thevictim of the sexually oriented offense or to prevent the victim fromresisting;
 {¶ 16} "(f) If the offender previously has been convicted of orpleaded guilty to any criminal offense, whether the offender completed anysentence imposed for the prior offense and, if the prior offense was asex offense or a sexually oriented offense, whether the offenderparticipated in available programs for sexual offenders;
 {¶ 17} "(g) Any mental illness or mental disability of the offender;
 {¶ 18} "(h) The nature of the offender's sexual conduct, sexualcontact, or interaction in a sexual context with the victim of thesexually oriented offense and whether the sexual conduct, sexualcontact, or interaction in a sexual context was part of a demonstratedpattern of abuse;
 {¶ 19} "(i) Whether the offender, during the commission of thesexually oriented offense for which sentence is to be imposed, displayedcruelty or made one or more threats of cruelty;
 {¶ 20} "(j) Any additional behavioral characteristics that contributeto the offender's conduct. R.C. 2950.09(B)(2).
 {¶ 21} The trial court conducted a sexual offender classificationhearing as part of the sentencing proceeding in this case. In making itsdetermination concerning Defendant's sexual offender status, the trialcourt considered the presentence investigation report, forensic reportssubmitted by Dr. Bobbie Hopes and Dr. Frederick Peterson, and thetestimony of those two expert witnesses. At the conclusion of the hearingthe trial court designated Defendant a sexual predator. In making thatdetermination the trial court discussed the risk factors in R.C.2950.09(B)(2) upon which it relied, the evidence relating to thosefactors, and the weight assigned by the court to those factors.Eppinger, supra.
 {¶ 22} Relying on Dr. Hopes' testimony, the trial court found thatthere were several risk factors which increase Defendant's risk forrecidivism. For instance Defendant's age, twenty-five, R.C.2950.09(B)(2)(a), Defendant's extensive criminal record of convictionsboth as a juvenile and an adult, R.C. 2950.09(B)(2)(b), Defendant'santi-social personality disorder, R.C. 2950.09(B)(2)(j), and his historyof violent behavior throughout his lifetime, R.C. 2950.09(B)(2)(j).
 {¶ 23} While the court gave no weight to the age of the victim,because in reality there was no victim, R.C. 2950.09(B)(2)(c), the courtnevertheless gave some weight to the fact that Defendant believed thatthe person he was going to meet for sex was a fourteen years old girl.R.C. 2950.09(B)(2)(j). Similarly, while the court gave no weight tomultiple victims because there were none, R.C. 2950.09(B)(2)(d), thecourt nevertheless chose to give some weight to Defendant's expresseddesire to be sexually involved with more than the one girl he believed hewas communicating with. R.C. 2950.09(B)(2)(j). Finally, while the courtgave no weight to pattern of abuse because there was none, the courtnevertheless gave some weight to the fact that Defendant's conductdemonstrates extensive interaction of a sexual nature with a child over along period of time. R.C. 2950.09(B)(2)(j). Additionally, the trial courtfound very disturbing the fact that Defendant was on probation at thetime of this offense, and that Defendant has a family includingchildren, yet engaged in conduct of this kind. R.C. 2950.09(B)(2)(j).
 {¶ 24} Some factors the court found inapplicable and it gave them noweight, such as the use of drugs or alcohol to impair the victim, R.C.2950.09(B)(2)(e), whether Defendant completed his sentence for prioroffenses, R.C. 2950.09(B)(2)(f), and whether Defendant displayed crueltyduring this offense, R.C. 2950.09(B)(2)(i).
 {¶ 25} We further note that Dr. Hope's use of the Sex Offender RiskAppraisal Guide (SORAG) to evaluate Defendant placed him in categoryseven, which has an eighty percent probability of reoffending within thenext ten years. Dr. Hopes opined that Defendant has a high likelihood ofreoffending.
 {¶ 26} Dr. Peterson, on the other hand, opined that Defendant poses alow risk for reoffending if he is in treatment. Dr. Peterson's use of theAbel Assessment For Sexual Interest demonstrates that Defendant is atypical adult heterosexual male who is interested in adult females andhas some interest in adolescent females. Dr. Peterson stressed thatbecause Defendant did not actually meet with any fourteen year old girlin this case and have sexual contact with her, he is neither a childmolester nor a pedophile and therefore is much more amenable totreatment. Dr. Peterson agreed, however, that at least three of the riskfactors set out in R.C. 2950.09(B)(2) are present in this case, and heconceded that his assessment of Defendant would be different had heactually met a fourteen year old girl and had sex with her.
 {¶ 27} A review of this record reveals several risk factors probativeof the increased risk for sexual reoffending that Defendant poses. Thetrial court gave varying degrees of weight to those factors, as it wasentitled to do. Thompson, supra. After considering and weighing all ofthe factors and evidence, the trial court concluded that there is clearand convincing evidence that Defendant is likely to engage in the futurein additional sex offenses, and the court designated him a sexualpredator. In our view there is ample evidence in this record to supportthat finding.
 {¶ 28} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR {¶ 29} "Prior holdings in Eppinger, Cook and Thompson violate theseparation of powers by allowing the trial court too much discretion indeciding sexual predator status with respect to R.C. 2950.09(B)(2)."
 {¶ 30} In determining whether an offender is a sexual predator, R.C.2950.09(B)(2) requires the trial court to consider all relevant factorsincluding, but not limited to, the factors set forth in R.C.2950.09(B)(2)(a)-(j). In State v. Thompson, 92 Ohio St.3d 584,2001-Ohio-1288, the Ohio Supreme Court held:
 {¶ 31} "1. A judge must consider the guidelines set out in R.C.2950.09(B)(2), but the judge has discretion to determine what weight, ifany, he or she will assign to each guideline. Pursuant to R.C.2950.09(B)(2), a judge may also consider any other evidence that he orshe deems relevant to determining the likelihood of recidivism.
 {¶ 32} "2. Because R.C. 2950.09(B)(2) does not encroach upon the trialcourt's factfinding authority, it does not violate theseparation-of-powers doctrine." (Syllabus)
 {¶ 33} Defendant argues in this assignment of error that the SupremeCourt's holding in Thompson, allowing trial courts to decide whatweight, if any, to give to each particular factor in R.C. 2950.09(B)(2),allows too much opportunity for judicial abuse of discretion in that thetrial court can effectively refuse to consider certain factors by simplyrefusing to give them any weight. That thwarts the General Assembly'sdirective to consider all of the factors set out in R.C. 2950.09(B)(2),and thereby violates the separation of powers doctrine.
 {¶ 34} At the outset we note that Defendant failed to raise thisconstitutional issue in the trial court below. Accordingly, we decline toconsider this argument for the first time on appeal. State v. Awan(1986), 22 Ohio St.3d 120; State v. Petrusch (Nov. 15, 1995), MontgomeryApp. No 14983.
 {¶ 35} In any event, the trial court's failure to give a particularfactor in R.C. 2950.09(B)(2) any weight is not equivalent to refusing toconsider that factor. To the contrary, some of the factors may not berelevant in a given case, and as to those factors it would not beappropriate to give them any weight. Under R.C. 2950.09(B)(2), a trialcourt retains its fact finding powers in assessing the relevance of eachfactor. Thompson, supra. We decline Defendant's invitation for thisintermediate level appellate court to overrule the Ohio Supreme Court'spronouncement in Thompson that the trial judge has discretion to determinewhat weight, if any, to assign to each factor in R.C. 2950.09(B)(2).
 {¶ 36} The second assignment of error is overruled. The judgment ofthe trial court will be affirmed.
 Brogan, J. and Young, J. concur.